[No. 21065. Department One. September 24, 1928.]

*In the Matter of the Rights to the Use of the Waters of*
THOMPSON CREEK.

THE STATE OF WASHINGTON, *Plaintiff*, v. T. D. JOHNSON
*et al., Respondents,* FRANK ERICSON *et al., Defend-*
*ants,* WOLF CREEK RECLAMATION DISTRICT
*et al., Appellants.*[1]

*P. D. Smith,* for appellants.
*Roy A. Redfield,* for respondents.

MITCHELL, J.—This proceeding was instituted to de-
termine the use of the waters of Thompson Creek, a
small stream in Okanogan county. The supervisor of
hydraulics, to whom the matter was referred, made an
examination, took testimony, made a written report
including findings and conclusions of law, all of which,
with the evidence, were filed in the case in the superior
court of that county. The cause was heard by the
court upon the record, and certain exceptions inter-

[1]Reported in 270 Pac. 303.

posed by some of the property owners. Two of the property owners, viz: the Federal Land Bank of Spokane and the Wolf Creek Reclamation District, have appealed from the judgment of the superior court.

That the appeal of the Federal Land Bank of Spokane is well taken is admitted by the respondents. Its lands are riparian to the creek and it has rights as such owner and also on account of water drained into the creek from a swamp that was formed by waters from the creek. Manifestly it was by inadvertence that the judgment provides that the amount of water allowed to the tract of this appellant should be taken exclusively from the swamp. The decree should be modified in this particular so as to provide that the amount allotted to this tract should not depend exclusively upon the amount drawn from the swamp.

Next we consider the appeal of the Wolf Creek Reclamation District. Patterson Lake lies north and south, having its outlet to the north. It is a small lake and is controlled by the appellant. The appellant dammed the outlet of the lake, creating a reservoir into which it has diverted the waters of Wolf Creek from the northwest. The waters thus stored are taken out of the lake at the dam and conveyed by irrigation ditches easterly, thence southeasterly, for irrigation purposes. Thompson Creek, the one involved in this case, originates in a spring some two thousand feet south of Patterson Lake, the spring being considerably lower than the water in the lake, thence the stream runs easterly for several miles and disappears at the low water season.

The appellant claims that, by its storage of water in the lake, the flow of the stream, on account of seepage through the moraine formation between the lake and the spring, has been greatly increased and that, under the doctrine of the recapture of water, and

because it has a permit from the supervisor of hydraulics to appropriate a specified amount of water from the creek, subject to existing rights, the court should have awarded to it, to the extent of its permit, any excess of water over and above that given to all other parties. This the court refused to do. The referee found that there had been a noticeable increase in the flow of the stream since the dam in the lake was built, but was unable to state the amount of the increase definitely because the flow had not been measured before the construction of the dam. The court found that, because the water had not been measured before the dam was built, there was "no basis for comparison or for estimating such excess, if any." Notwithstanding the court's finding, there was abundant undenied testimony of many personally acquainted with the stream for years that, after a small dam was put in the lake, the flow through the spring and stream was perceptibly increased and that, after the dam was further raised to its present height, the flow has still further increased, from which it satisfactorily appears, we think, that the increase was caused by seepage of the waters stored in the lake by the appellant.

Respondents contend that, upon the proof and findings, there is not sufficient definiteness of the amount of the increased flow to bring the appellant within the rule announced in *Miller v. Wheeler*, 54 Wash. 429, 103 Pac. 641, 23 L. R. A. (N. S.) 1065. The argument would be good if appellant was asking for a specific amount as recaptured water, the granting of which would interfere with another's existing right. But here it is asking, to the extent of its appropriation permit, only for the excess of the flow of the stream above all other existing rights and needs. No one can be harmed, there is no conflict; why let the water go to waste?

The judgment in this case allots to each of the parties other than this appellant a specific amount of water for his tract of land, which the court finds, however, cannot be fully supplied by the stream at the low water season. Thus, while there is not enough water at that season to supply all others, there reasonably may be other periods during the irrigation season when the flow of the stream exceeds the needs of all others, at which time such excess, within appellant's permit, may be used in its own irrigation system, thus conserving its stored waters for use later on in the drier season of the year.

In keeping with the statute, the judgment in this case protects the respondents. The judgment provides:

"That any person taking water from Thompson Creek and its tributaries shall provide and maintain at his own expense proper diversion works and measuring devices as required by statute."

When the flow in the stream exceeds the allowance made to all others, the appellant can take the excess, otherwise none at all. In our opinion the judgment should be modified in this respect also.

Reversed and remanded with directions to the trial court to modify the decree in the two respects mentioned.

FULLERTON, C. J., PARKER, TOLMAN, and FRENCH, JJ., concur.